LAW OFFICES OF
JARED M. LEFKOWITZ
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 682-1440
JML@JMLefkowitzLaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YANA IVANOV,

                                                   Case No.   19-3422

              Plaintiff,

       - against -

BUILDERDOME, INC. and
ALEX ROZENGAUS,                          **COMPLAINT**

              Defendants.            JURY TRIAL DEMANDED
-----------------------------------------------------------------X

         Plaintiff Yana Ivanov, by and through her counsel Jared M. Lefkowitz, as and for her Complaint against the above named Defendants allege as follows:

       1.   This is an action for failure to pay minimum wages under 29 U.S.C. §201 *et seq.* (the "FLSA") and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also seeks to recover for gender and pregnancy discrimination under New York State Human Rights Law and the New York City Administrative Code.

#### PARTIES, JURISDICTION, AND VENUE

       2.   Plaintiff is an individual residing in New York, NY.

       3.   Upon information and belief Defendant Builderdome, Inc. ("Builderdome") is a corporation with an address at 115 East 23rd Street, 3rd Floor, New York, NY 10010.

4.    Upon information and belief Defendant Alex Rozengaus is the CEO/Founder of Builderdome, is in complete control of Builderdome and its business operations, and is an individual with a principal place of business at 115 East 23rd Street, 3rd Floor, New York, NY 10010.

5.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

6.    Upon information and belief, at all relevant times the Corporate Defendant has had gross revenues in excess of $500,000.00.

7.    At all relevant times, the corporate defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

8.    Venue in this Court is proper based upon the residence of the parties.

9.    This Court has original subject mater jurisdiction pursuant to the FLSA, 29 USC §201, *et seq.*, and supplemental jurisdiction over the New York State claims pursuant to 28 USC §1367.

### FACTS APPLICABLE TO ALL COUNTS

10.  Plaintiff was hired by Builderdome on or about July 20, 2015 as its Creative Director pursuant to a written contract (Exhibit A).

11.    Builderdome was a startup seeking further funding, and other than a mailing address Builderdome did not have a formal office where employees went and did the company's business.

12.    Plaintiff, and upon information and belief all other employees, worked from home.

2

13.   The employment contract states that Plaintiff would not be paid any wages until the company "gets funded."

14.   Upon information and belief, such wage provision in the employment contract is against public policy and void inasmuch as it is an unlawful attempt to circumvent federal and State minimum wage and other Labor Laws.

15.   Plaintiff became pregnant in the fall of 2016, and continued to work for Builderdome full time.

16.   Plaintiff gave birth to twins in July 2017 by Caesarian Section, and continued to work for Builderdome full time after a four week recovery and maternity leave.

17.   While Plaintiff was on maternity leave, without advance notice or even informing Plaintiff, Defendant Rozengaus demoted Plaintiff and changed Plaintiff's title on the company website from Creative Director to Design Advisor.

18.   In or about November 2017, while Plaintiff still believed she had a job and had been working for Builderdome full time, Plaintiff noticed that her photo and biography had been removed from the company website.

19.   Plaintiff investigated further and noticed that on angel.co and similar sites Plaintiff was listed as a *former* employee of Builderdome.

20.   Plaintiff had not been notified in any way that she had been terminated as she had been continuing to provide services to Builderdome on a full time basis.

21.   Upon seeing that she had been removed from the company website, Plaintiff ceased providing any services for Builderdome in or about November 2017.

22.   From the beginning of her employment in July 2015 to her termination in November 2017 Plaintiff never received payment of any wages from Builderdome.

23.   As of the date of this Complaint, Builderdome is still using the logos and designs which Plaintiff created.

## COUNT I

### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE

24.   Plaintiff is entitled to recover from Defendants her full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II

### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

25.   Plaintiff is entitled  to  recover from  Defendants her full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant  to  NYLL §663(1) et seq.

## COUNT III

## <u>EMPLOYMENT DISCRIMINATION - NEW YORK HUMAN RIGHTS LAW</u>

*26.*   For the reasons alleged above Defendants demoted Plaintiff and terminated plaintiff's employment due to her pregnancy in violation of the New York State Human Rights Law §290 *et seq*.

27.   Plaintiff seeks damages in excess of $150,000 consisting of lost wages, future earnings, raises, bonuses, gratuities, other benefits he would have received, attorneys fees, punitive damages, and any other damages available under the statute(s).

## COUNT IV

## <u>EMPLOYMENT DISCRIMINATION - NEW YORK CITY CODE</u>

28.   For the reasons alleged above Defendants demoted Plaintiff and terminated plaintiff's employment in violation of the New York City Administrative Code §8-101 *et seq*.

29.   Plaintiff seeks damages in excess of $150,000 consisting of lost wages, future earnings, raises, bonuses, gratuities, other benefits he would have received, attorneys fees, punitive damages, and any other damages available under the statute(s).

**WHEREFORE**, Plaintiff demands judgment as follows

A.   On the First Count, an award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, as well as damages for unreasonably delayed payment of wages.

B.   On the Second Count, an award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to New York Labor Law, as well as damages for unreasonably delayed payment of wages.

C.   On the Third Count, damages in excess of $150,000 consisting of lost wages, future earnings, raises, bonuses, gratuities, other benefits she would have received.

D.   On the Fourth Count, damages in excess of $150,000 consisting of lost wages, future earnings, raises, bonuses, gratuities, other benefits she would have received.

E.   Reasonable attorneys fees, liquidated damages, and punitive damages as permitted by the relevant statutes, along with costs and such other and further relief as the Court deems just and proper.

Dated:  New York, NY
       April 17, 2019                            LAW OFFICES OF
                                        JARED M. LEFKOWITZ

                                    By
                                    Jared M. Lefkowitz (JL 6920)
                                    1001 Avenue of the Americas, 11th Floor
                                    New York, NY 10018
                                    Tel (212) 682-1440
                                    JML@JMLefkowitzLaw.com
                                    *Attorney for Plaintiff*

6

EXHIBIT A TO COMPLAINT


EMPLOYMENT AGREEMENT

THIS AGREEMENT made and entered into on the 20th day of July, 2015, by and between
Builderdome a corporation incorporated under the laws of the State of New York, and having its
principal place of business at 2083 Avenue U, Suite 2, Brooklyn NY 11229
(hereinafter referred to as "Employer"); and Yana Ivanov (hereinafter referred to as
"Employee"), an individual residing at 30 Waterside Plaza #22C New York NY 10010.

WHEREAS the Employer desires to obtain the benefit of the services of the Employee, and the
Employee desires to render such services on the terms and conditions set forth.

IN CONSIDERATION of the promises and other good and valuable consideration (the
sufficiency and receipt of which are hereby acknowledged) the parties agree as follows:

1. **Employment**

   The Employee agrees that he will at all times faithfully, industriously, and to the best of
   his/hers skill, ability, experience and talents, perform all of the duties required of his
   position. In carrying out these duties and responsibilities, the Employee shall comply
   with all Employer policies, procedures, rules and regulations, both written and oral, as are
   announced by the Employer from time to time. It is also understood and agreed to by the
   Employee that his assignment, duties and responsibilities and reporting arrangements
   may be changed by the Employer in its sole discretion without causing termination of this
   agreement.

2. **Position**

   The Employee shall be employed in the capacity of Creative director and is required to
   perform duties as may arise from time to time and as may be assigned to the Employee.

3. **Compensation**

   (a) It is understood by the Employee that he will not be compensated until seed round
   closes.

(b) The employee agrees to get compensated only after the Employer gets funded. The compensation will include the one percent (1%) of the sock equity based on the following vested schedule:

    i.    Until and through funding period, neither Employer's nor Employee's shares will vest.

    ii.    After the first year of funding – 25% of Employee's shares will vest.

    iii.    After the second year of funding – 50 % of Employee's shares will vest.

    iv.    After the third year of funding – 75 % of Employee's shares will vest.

    v.    Thus, after four years (the "Full Vesting Date"), the Employee will be 100% vested.

(c) The Employer guarantees the full-time position depending on the substantial amount of funding required to complete the project and the compensation will be based on the market salary based on the experience.

(d) If at any point the Employee decides to terminate his employment before the funding stage, the Employer guarantees to reimburse the Employee for the unpaid period only if the Employee made substantial contribution to the project and the reimbursement will accrue only after and if the Employer gets funded.

**4. Vacation, Benefits, Stock Venting Period and Performance Reviews**

Vacation, Benefits, Stock Venting Period and Performance Reviews would be determined during full-time employment negotiation.

**5. Laws**

This agreement shall be governed by the laws of the State of New York.

**6. Independent Legal Advice**

The Employee acknowledges that the Employer has provided the Employee with a reasonable opportunity to obtain independent legal advice with respect to this agreement, and that either:

(a) The Employee has had such independent legal advice prior to executing this agreement, or;

(b) The Employee has willingly chosen not to obtain such advice and to execute this agreement without having obtained such advice.

### 7. Entire Agreement

This agreement contains the entire agreement between the parties, superseding in all respects any and all prior oral or written agreements or understandings pertaining to the employment of the Employee by the Employer and shall be amended or modified only by written instrument signed by both of the parties hereto.

### 8. Severability

The parties hereto agree that in the event any article or part thereof of this agreement is held to be unenforceable or invalid then said article or part shall be struck and all remaining provision shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

_Yana Ivan_
Employee's Signature

YANA IVANOV
Employee's Name Printed

_8/25/15_
Date

_[signature]_
Employer's Signature

Alex Rozengaus
Employer's Name Printed

CEO
Employer's Title

_8/25/2015_
Date