UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YANA IVANOV,

                                                                                 Case No. 19 cv 3422

            Plaintiff,

   - against -

BUILDERDOME, INC. and ALEX
ROZENGAUS,
           Defendants.
------------------------------------------------------------------X

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY  JUDGMENT

    Defendants, Builderdome, Inc. and Alex Rozengaus, by and through their counsel Albert Y. Dayan, submit this Response to Plaintiff's Motion for Partial Summary Judgment.

## FACTS

    The relevant facts as set forth in Defendants' answer to the amended complaint and the accompanying affidavit of Defendant, Mr. Rozengaus are such that  Plaintiff, Ms. Ivanov, was not an employee of Builderdome.  She was an investor for consideration of one percent of Builderdome; a start up on line company with expectations of generating over $260,000.000 in revenue in the next three years (Not "negligible stock"). The "employment agreement" referenced to in Plaintiff's motion for summary judgment was not drafted by lawyers and does completely reflect the verbal understanding reached by Plaintiff and Defendant that will otherwise be established by credible testimony by Defendant, the cross examination of Plaintiff and other physical as well as circumstantial evidence at trial .

    The convincing testimonial as well as circumstantial evidence described in Defendant's Affidavit clearly demonstrates that Plaintiff was not an employee of Builderdome in the true sense

1

of that word prior to Builderdome getting funded and leaping into financial success.   She was an investor into the start up company.  Her investment was time and knowledge.    The type of investment in time and skill, as was contributed by Plaintiff into Builderdome, is not unusual in the industry of online start up million dollar companies, millions of which ultimately fail;  as did Builderdome.  The consideration for her investment was one percent of the multi-million dollar company and with consideration of a secured future employment at the potential multimillion-dollar company of time and knowledge.   The consideration for her investment, however, would come to fruition only if the company got off the ground.

Notwithstanding that the written contract could have been better written to memorialize the parties' understanding as attested to by Defendant, the Defendant's declaration, however, of what really happened and what the parties really agreed to is scattered all over the pages of the unprofessionally written agreement.  We are respectfully asking this Honorable Court to look beyond the for corners of the written agreement that was downloaded from Google search by the parties to corroborate Defendant's version of the events, and squarely contradict  Plaintiff's newly created, self serving, reading of the written agreement.

We respectfully suggest that the verbiage in the written agreement is but one piece of evidence in this case and the best evidence rule certainly has no application under the facts alleged here.  To ascertain the true intent and understanding of the parties in this case, defense encourages the  Court to look beyond the scattered words of this single written agreement; to give weight to the factual declarations made in Defendant's affidavit supported by undisputed and convincing circumstantial evidence presented therein.

Plaintiff's 56.1 Statement of Undisputed Facts has nothing except for disputed material facts.   1. Plaintiff was not an employee and not yet hired by Builderdome because it never got off

the ground.  2. Defendant Alex Rozengaus is Builderdome Chief Executive Officer.  3. Although the agreement was downloaded and prepared by Defendant, Plaintiff had "input" by reading it, discussing it and signing it.  4. Plaintiff was not an employee of Builderdome.  5.  Plaintiff was not getting paid for her work because she was not an employee of Builderdome, she was an investor.  6. Plaintiff had never realized her one percent ownership of Builderdome because Builderdome never received funding and never got off the ground.  It was the risk Ivanov and Rozengous assumed when they entered the venture.  Moreover, Plaintiff prematurely abandoned the project all together.  7. Plaintiff did invest into Defendant Builderdome.  She invested time, therefore than she invested money.

## ARGUMENT

The issue in Plaintiff's motion for partial summary judgment, therefore, is not whether the terms of her "employment" contract are against public policy.  But rather, weather she was an employee of Builderdome to begin with.  We respectfully argue to this Honorable Court that, in light of all other circumstantial and testimonial evidence presented in Defendant's Affidavit,  the answer to this question should be determined at trial.

Dated:   Kew Gardens, New York
         May 20, 2020                                   Respectfully submitted,


                                                        _____/s/_____
                                                        Albert Y. Dayan, Esq. (AYD-5222)
                                                        Attorney at Law for Plaintiffs
                                                        80-02 Kew Gardens Road, Suite 902
                                                        Kew Gardens, New York 11415
                                                        (718) 268-9400
                                                        dayanlaw@aol.com

**TO:   JARED LEFKOWITZ**
       Attorney for Plaintiff
       1001 Avenue of the Americas, 11th Floor
       New York, New York 10018
       (212) 682-1440