```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
------------------------------------------------------------X DATE FILED: 9/28/2020
                                                            :
YANA IVANOV,                                                :
                                                            :
                           Plaintiff,                       :
                                                            :    19-cv-3422 (LJL)
            -v-                                             :
                                                            :    MEMORANDUM &
BUILDERDOME, INC. and ALEX ROZENGAUS,                       :    ORDER
                                                            :
                           Defendants.                      :
                                                            :
------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Yana Ivanov ("Ivanov") brought this action against Defendants Builderdome, Inc. ("Builderdome") and Alex Rozengaus ("Rozengaus"). Ivanov alleges that Builderdome and Rozengaus violated the Fair Labor Standards Act, 29 U.S.C. § 215 ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650-665 ("NYLL"), by failing to pay her minimum wages. Dkt. No. 18 ("Compl.") ¶ 1. Plaintiff also brings claims for breach of contract, unjust enrichment, and gender and pregnancy discrimination. *Id*.

The Court has before it Plaintiff's motion for partial summary judgment. Plaintiff argues that the terms of her contract with Builderdome establish that she was an employee for purposes of the FLSA and the NYLL, and that she was thus entitled to the minimum wage set by those statutes. For the reasons stated below, Plaintiff's motion is denied.

**BACKGROUND**

The Complaint alleges that Plaintiff was hired by Builderdome on or about July 20, 2015 as its Creative Director. Compl. ¶ 10. Builderdome was a startup seeking funding, and at the time it hired Plaintiff, it had no office. *Id*. ¶ 11. Rozengaus was Builderdome's Chief Executive

Officer ("CEO"), and founder. *Id.* ¶ 4.

The Complaint also alleges that Plaintiff gave birth to twins in July 2017 and took a four-week maternity leave before returning to Builderdome. Compl. ¶ 16. While Plaintiff was on maternity leave, Defendant Rozengaus allegedly demoted Plaintiff from Creative Director to Design Advisor without notifying Plaintiff. *Id.* ¶ 17. In or about November 2017, Plaintiff noticed the Builderdome website no longer listed her as an employee. *Id.* ¶ 18. Plaintiff claims she never received a termination notice, but she ceased providing services to Builderdome in or about November 2017. *Id.* ¶¶ 20-21. Plaintiff alleges that she did not receive compensation for her services from the beginning of her time at Builderdome on July 20, 2015 to her termination on November 2017. *Id.* ¶ 22.

Plaintiff submits a single piece of evidence in support of her argument that she is entitled to summary judgment on the question of whether she was an "employee" of Builderdome—the Employment Agreement (the "Agreement") she entered into with Builderdome on August 25, 2015. Compl., Ex. A. The Agreement characterized Ivanov as "Employee" and Builderdome as "Employer." *Id.* at 1. The Agreement obligated Ivanov to "at all times faithfully, industriously, and to the best of her/his skill, ability, experience and talents, perform all of the duties required of his [sic] position." *Id.* ¶ 1. Plaintiff was contractually obligated to "comply with all Employer policies, procedures, rules and regulations, both written and oral, as are announced by the Employer from time to time." *Id.* The Agreement additionally stated that it was "understood and agreed to by the Employee that his [sic] assignment, duties and responsibilities and reporting arrangements may be changed by the Employer in its sole discretion without causing termination of this agreement." *Id.*

The Agreement additionally set out the terms of Ivanov's compensation. According to

the Agreement, it was "understood by the Employee that he [sic] will not be compensated until seed round closed." *Id.* ¶ 3(a). Ivanov would be compensated "only after the Employer gets funded." *Id.* ¶ 3(b). Once Builderdome received funding, Ivanov would receive "one percent (1%) of the sock [sic] equity." *Id.* The Agreement then set out a vesting schedule according to which Ivanov would receive no compensation through the funding period. *Id.* ¶ 3(b)(i). One year after Builderdome received funding, 25% of Ivanov's shares would vest. *Id.* ¶ 3(b)(ii). Two years after funding, 50% of her shares would vest. *Id.* ¶ 3(b)(iii). Following three years of funding, 75% of the shares would vest, and finally after four years of funding (the "Full Vesting Date"), 100% of the shares would vest. *Id.* ¶¶ 3(b)(iv), 3(b)(v). Additionally, the Agreement "guarantee[d] the full-time position depending on the substantial amount of funding required to complete the project and the compensation [would] be based on the market salary based on the experience." *Id.* ¶ 3(d).

Plaintiff argues that the terms of the Agreement show that she was an employee of Builderdome as a matter of law and that she is thus entitled to the minimum wage for the time she worked at Builderdome. Dkt. No. 33 at 2. The Agreement characterized her as an employee, and correspondingly, according to Plaintiff, she should be entitled to the protection afforded to employees under federal and state labor law. On Plaintiff's view, the provisions of the Agreement awarding her compensation only if Builderdome became funded violated those laws. According to Plaintiff, "the compensation provision in the Employment Aontract [sic] . . . is void as against public policy, federal law, and New York State law because it ignores and fails to comply with the minimum wage laws." *Id.*

Builderdome contests Ivanov's characterization of the employment arrangement. Dkt. No. 37 at 1. According to Builderdome, Ivanov was not its employee. *Id.* Instead, she was an

investor for consideration of one percent of Builderdome. *Id.* Her investment was to be her "time and knowledge," and "[t]he consideration for her investment . . . would come to fruition only if the company got off the ground." *Id.* at 2.

Defendants submit an affidavit from Rozengaus in their opposition to Plaintiff's motion for summary judgment. Dkt. No. 37-1. Rozengaus avers that the Agreement "does not reflect our clear verbal understanding at the time when we entered into the written agreement." *Id.* ¶ 13. Instead, according to Rozengaus, he and Ivanov had an understanding that Ivanov "was going to be a one percent dividends partner in the prospective hundreds million [sic] dollar company that we envisioned." *Id.* ¶ 7. Assuming the company got funding, Ivanov "would have a great full-time job in to the infinite future with great pay in a multi-million dollar company and a one percent [sic] of the company's revenues and shares." *Id.* ¶ 6. Further, Rozengaus avers, "[a]t no time did Ms. Ivanov and I agree that she was to be considered an employee." *Id.* ¶ 9.

Rozengaus further declares that the contract was shoddily and inaccurately drafted. According to Rozengaus, he did not retain a lawyer to help draft the contract, but instead "downloaded a similarly compatible written agreement from Google search [sic] made a few modifications to fit in line with my agreement with Ms. Ivanov." *Id.* ¶ 12.

Importantly, Rozengaus swears that during the time at issue, Ivanov was not working for Builderdome full-time. *Id.* ¶ 15. He further avers that, while Plaintiff worked at Builderdome part-time, she was working full time at another job. *Id.* He states that she "wasn't planning leaving her other job until Builderdome was funded." *Id.*

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a).  A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "The movant bears the burden of demonstrating the absence of a genuine dispute of fact and, to award summary judgment, the court must be able to find after drawing all reasonable inferences in favor of a non-movant that no reasonable trier of fact could find in favor of that party."  *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 568 (S.D.N.Y. 2016) (internal citations and quotation marks omitted).

## DISCUSSION

The FLSA and the NYLL apply only to employees.  *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 534 (2d Cir. 2016).  The parties do not dispute that Ivanov was not paid for work she performed on behalf of Builderdome.  Thus, the only issue on this summary judgment motion is whether Ivanov has shown as a matter of law that she was an employee of Builderdome, rather than holding some other status such as that of a partner or an investor.  More specifically, the question is whether the characterization of Ivanov as an "employee" in the Agreement is sufficient to find that she was an employee for the purposes of the FLSA and the NYLL as a matter of law, or if her status remains disputed in the absence of additional evidence.

Both the FLSA and the NYLL require all employees to be paid a minimum wage, subject to certain limited exceptions not relevant here.  An employer and an employee cannot waive the minimum wage requirement by contract.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("[T]he right to the basic statutory minimum wage [cannot] be waived by any employee subject to the Act.").  The FLSA tautologically defines an "employee" as an "individual employed by an employer."  29 U.S.C. § 203(e)(1).  "Employ" is defined as "to suffer or permit to work."  *Id.* § 203(g).  "Employer" is defined to include "any person acting directly or

indirectly in the interest of an employer in relation to an employee." *Id.* § 209(d).  The NYLL similarly defines an "employee" as "any individual employed or permitted to work by an employer."  N.Y. Lab. Law § 651.

In the absence of further statutory guidance, courts have developed a facts-and-circumstances test to determine whether a worker is an "employee" for purposes of the FLSA.  *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).  Courts in this district have held that "economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA."  *Ocampo v. 455 Hospitality LLC*, 2016 WL 4926204, at *7 (S.D.N.Y. Sept. 15, 2016) (quoting *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979)).  The determination of who qualifies as an employee "requires 'discovery and a fact-intensive analysis.'"  *Espinosa v. SNAP Logistics Corp.*, 2018 WL 9563311, at *4 (S.D.N.Y. Apr. 3, 2018) (quoting *Zambrano v. Strategic Delivery Sols., LLC*, 2016 WL 5339552, at *4 (S.D.N.Y. Sept. 22, 2016)).

The Second Circuit has held that the determination of who counts as an employee under the FLSA should be evaluated according to an "economic reality" test.  *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988).  The economic reality test looks to five factors: (1) the degree of control exercised by the employer over the worker; (2) the worker's opportunity for profit or loss and their investment in the business; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) the extent to which the work is an integral part of the employer's business.  *Id.*  "No one of these factors is dispositive; rather, the test is based on a totality of the circumstances."  *Id.* at 1059.

Thus, the determination of whether a person is an employee cannot be made based upon

simple contractual titles alone. *See Wright v. Aargo Sec. Servs., Inc.*, 2001 WL 91705, at *7 (S.D.N.Y. Feb. 2, 2001) ("The label an employer . . . furnishes an employee for internal purposes is not determinative of the employee's status under the FLSA."). Just as an employer cannot contract out of the FLSA's protections by labeling an employee something else, *Brock*, 840 F.2d at 1059 ("[A]n employer's self-serving label of workers as independent contractors is not controlling."), a non-employee cannot contract into the protections of the statute by calling herself an employee. In all cases, it is the economic reality of the relationship and not what the parties call the relationship that determines the FLSA's applicability.

Under this analysis, Plaintiff has not established as a matter of law that she was an employee for purposes of the FLSA. Although the title she was given in the agreement she signed with Builderdome may be powerful evidence that she was an employee, it is not dispositive. Plaintiff has not offered evidence regarding the facts and circumstances of her work for Builderdome. She does not put forth evidence about the conditions of her employment, the hours she worked, or what her responsibilities were. She does not discuss the extent to which Builderdome or Rozengaus directed her day-to-day work responsibilities or the extent to which her work was an integral part of the business. Although the language of the Agreement indicates that Ivanov was to comply with Builderdome's "policies, procedures, rules and regulations, both written and oral, as are announced by the Employer from time to time," Compl., Ex. A ¶ 1, there is no evidence that—at the stage Plaintiff worked for Builderdome—there were, in fact, any policies, procedures, rules or regulations, or that as a practical matter the employer directed her for follow them. Ivanov has not shown that Builderdome was heavily involved in supervising her work. And while the Agreement stipulates that Ivanov would become a full-time employee if Builderdome were to receive funding, it does not provide details about the nature of her

engagement until such funding should come through.

Moreover, with respect to the control exercised over her and the permanence and duration of the working relationship, Defendants have put forward evidence that Ivanov had a separate full-time job and was also working for several other start-ups at the time she was working for Builderdome.  She was working only part-time for Builderdome and was able to determine her own hours and, from all that appears, whether she put in any hours at all.  It also is not disputed on this record that Ivanov was not on the employer's payroll and that Ivanov did not receive fringe benefits, as she contends that she was uncompensated.

Ivanov's claim fares no better under the NYLL.  The evaluation of the status of a worker as an employee under the NYLL is analyzed under a framework similar to that used to evaluate claims under the FLSA.  "There is general support for giving FLSA and the New York Labor Law consistent interpretations [and] there appears to never have been a case in which a worker was held to be an employee for purposes of the FLSA but not the NYLL (or vice versa)."  *Meyer v. U.S. Tennis Ass'n*, 2014 WL 4495185, at *9 (S.D.N.Y. Sept. 11, 2014), aff'd, 607 F. App'x 121 (2d Cir. 2015) (citing *Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901, 924 (S.D.N.Y. 2013) (internal citation and quotation marks omitted)).  The test enunciated by the New York Court of Appeals is only slightly different.  "[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results."  *Bynog v. Cipriani Grp., Inc*, 802 N.E.2d 1090, 1092–93 (N.Y. 2003).  In evaluating the degree of control the employer exercised, courts consider the following factors: (1) whether the worker worked at her own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) was on a fixed schedule.  *Hart*, 967 F. Supp.

8

2d at 923.  Under the NYLL too, titles are not dispositive.  As under the FLSA, contractual labels alone do not determine whether a worker is an employee under the NYLL.  *Matter of Pepsi Cola Buffalo Bottling Corp.*, 534 N.Y.S.2d 532, 534 (3d Dep't 1988) ("[L]anguage in an agreement to the contrary notwithstanding, if the evidence establishes that sufficient supervision, direction and control is exercised over [workers], an employer-employee relationship may be found.").

Ivanov is not entitled to summary judgment under the NYLL for the same reasons she is not entitled to it under the FLSA.  The language of the contract notwithstanding, there is insufficient evidence on the record to find that she was an employee as a matter of law.  Without further evidence of the actual circumstances of her work relationship, the Court cannot conclude that she was an employee for purposes of the NYLL.

In sum, although the language of Plaintiff's agreement with Builderdome weighs in favor of her claim to be an employee, it is not sufficient to establish that status as a matter of law.  Because genuine issues of material fact remain with respect to the question whether Ivanov was an employee of Builderdome for purposes of the FLSA and the NYLL, Plaintiff's motion for partial summary judgment is DENIED.

SO ORDERED.

Dated: September 28, 2020
       New York, New York

LEWIS J. LIMAN
United States District Judge

9