**ALBERT Y. DAYAN**          80-02 Kew Gardens Rd.,# 902, Kew Gardens, N.Y. 11415
   Attorney at Law              Tel: (718) 268-9400:      Fax: (718) 268-9404

**By ECF:**

May 10, 2021

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    Ivanov v. Builderdome, Inc. et al.
            19-cv-03422-LJL

Dear Judge Liman:

     Plaintiff Yana Ivanov, ("Ivanov") brought this action against Defendants Builderdome, Inc. ("Builderdome") and Alex Rozengaus for violations of the Fair Labor Standards Act, 29 U.S.C. §215("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650-665 ("NYLL"), by failing to pay her minimum wages. The Amended Complaint also alleges breach of contract, unjust enrichment and gender and pregnancy discrimination.

     For reasons listed below, it is respectfully submitted to this Honorable Court that as a matter of law and, where necessary, as a matter-of-fact Plaintiff failed to establish her right to recovery under any of her causes of action.

### FEDERAL LABOR STANDARDS ACT ("FLSA")

     As an initial matter, to be held personally liable as an "employee" under FLSA, "an individual defendant –in this case Mr. Rozengaus-- must possess control over the company's actual operations in a manner that relates to Ivanov's employment." See, Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2nd Cir. 2013). To determine whether Rozengaus exercised operational control in relation to Ivanov's employment, the trier of fact must examine whether Rozengaus exercised authority over management, supervision, and oversight of Ivanov's affairs in general. See, Carter v. Dutchess Community College, 735F.2d8 (2d Cir. 1984). In this case, the evidentiary record offered by Plaintiff utterly failed to demonstrate that Mr. Rozengaus had exercised any authority over management, supervision and oversight over Ivanov or, for that matter, any other individual associated with Builderdome.     Specifically,

Mr. Rozengaus did not supervise and control Plaintiff's work schedule or conditions of her employment. Mr. Rozengaus did not unilaterally control Ivanov's rate and method of payment. The rate and method of payment was set out in the terms of the written agreement entered into to by and between Builderdome and Ivanov, not Rozengaus as an individual. Rozengaus did not maintain employment records, nor was he obligated to under the terms of the written agreement entered into by Builderdome and Ivanov. In this case, based upon all the evidence presented, and lack thereof, it is clear that Ivanov failed to demonstrate that Mr. Rozengaus, individually, was an employer of Ivanov under the FLSA.

Ivanov's FLSA claim also utterly fails as a matter of law as against Defendants Builderdome and Rozengaus because not a scintilla of evidence was offered by Ivanov to establish the "interstate commerce" element necessary for the FLSA claim to survive. See, FLSA, 29 U.S.C. § 215. As this court is well aware, engagement in interstate commerce either by an employee or by the employer is a prerequisite for liability under FLSA.

In this case Plaintiff offered no evidence to satisfy the requirement of "interstate commerce" either by showing "individual coverage" through her personal engagement in interstate commerce or "enterprise coverage" through Builderdome's engagement in interstate commerce. See, Rodriguez v. Almighty Cleaning, Inc. 784, F.Supp.2d E.D.N.Y. 2011. See also, 28 U.S.C. § 207(a)(1).

Ivanov offered no evidence to demonstrate weather she was engaged in the production of goods for commerce or otherwise engaged in commerce between any other state other than N.Y. or, for that matter, any other place outside of King's County. See, 29 C.F.R. § 779.103. Activities that simply "affect or indirectly relate interstate commerce" are insufficient. See, Mcleod v. Threlkeld, 319 U.S. 491, 497 (1943). Plaintiff utterly failed to put forth any evidence that she had individual coverage under FLSA.

Moreover, Plaintiff failed to offer any evidence on whether Builderdome is subject to the FLSA through "enterprise coverage". Notwithstanding that the standard of enterprise coverage under FLSA is broader than that of individual coverage, Plaintiff offered no evidence to support the statutory requirement that Builderdome's annual revenue exceeded $500,000.00 and that it has employees engaged in interstate commerce 29 U.S.C. § 203(5)(1)(A). To the contrary, Plaintiff's own testimony supported Rozengaus's position that Builderdome never got off the ground and generated zero income.

If this Court should reach the factual determination in this case on the subject of FLSA coverage, Defendants respectfully argue that despite the confusing language of the proposed "Employment Agreement" entered into by Ivanov and Builderdome, the testimony and other evidence clearly demonstrates that the economic reality was that: (1) Mr. Rozengaus had no degree of control exercised over Plaintiff; (2) Plaintiff, based on the very terms of the contract she introduced into evidence, had ample opportunity for profit from the company; (3) Plaintiff exercised independent skill and initiative in the performance of her work; (4) The duration and timing of her working relationship with Builderdome was up to her own decision making process, as is demonstrated by her quitting the project at her whim; (6) The effort of her work

did not prove to be an integral part of Builderdome's prospective business since she was a graphic designer and was replaced by others immediately after she stopped contributing.

Plaintiff testified that she primarily, if not entirely, worked from home, at her leisurely time, while engaged in other work for other companies. Plaintiff testified that Rozengaus did not direct her day-to-day work responsibilities. Plaintiff did not offer any evidence on whether there were any "policies, procedures, rules or regulations, or that as a practical matter Builderdome directed her to follow them. Plaintiff testified that Builderdome was not heavily involved in supervising her work. In almost two years of working together with Defendants, Plaintiff offered a single email from Rozengaus where he makes a "suggestion" as to the possible modification of a design she worked on and one other email where Rozengaus provided his opinion on a page for prospective contractors that he, out of the entire group of investors, was the only expert on.

## NEW YORK LABOR LAW ("NYLL")

In contrast to the federal economic reality test, New York focuses on the "degree of control exercised by the purported employer." "The critical enquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results". See, Bynog v. Cipriani Group, Inc. 1 N.Y.3d 193, 198 (2003). In the case, based on Plaintiff's own admissions and lack of evidence to the contrary, Mr. Rozengaus exercised zero control over hours worked, almost zero control over the results Plaintiff produced or means used to achieve the results. Plaintiff worked at her own convenience. Plaintiff was free to engage in other employment. Plaintiff received the benefit of future stockownership in the company and Plaintiff was not on the employer's payroll. Plaintiff was not on a fixed schedule.

Ivanov fails under NYLL for the same reasons as under FLSA.

## UNJUST ENRICHMENT
## BREACH OF CONTRACT

Notwithstanding that courts in the second circuit have allowed common law claims for straight time compensation to go forward so long as they are not premised on the same facts as the FLSA claim. Based on Plaintiff's own admission during her testimony, her claims for breach of contract and unjust enrichment are premised on the same facts as the FLSA and NYLL claims and are therefore duplicative and should be dismissed.

If this Court should reach the factual determination of the contractual, unjust enrichment and the wrongful termination claim, notwithstanding that the alleged "employment contract, was entered into between Defendant Builderdome and Plaintiff Ivanov, (not defendant Rozengaus personally), the terms of the contract, coupled with other powerful circumstantial evidence demonstrate that the signatories to the agreement mislabeled it by identifying it as an "Employment Contract" when in fact it was not an employment contract. Plaintiff wants this Court to accept her dubious and counter intelligent notion that she entered

into the written agreement expecting to be an employee and to be compensated as an employee, but for almost two years did not ask anyone for her weekly paycheck. Not even a single e-mail on the subject.

Should Your Honor's finding of facts in this case and the parties' true intent in entering into the written agreement turn on credibility of the parties, I submit that Ivanov's forgetfulness of an email exchange from two years back is understandable. See Defendant's Trial Exhibit "D". But, "forgetting" being part of the decision making team, and submitting an affidavit to the Court denying taking part in any decision making processes in fairly a small start-up company from only two years back, is disingenuous to say the least.

Ivanov's claims of wrongful termination are just as disingenuous. Plaintiff wants this Court to accept her dubious and counter intelligent notion that she knew nothing about the change to her title on the website and the reasons for it, while throughout the process of the change she was residing with one of the two cofounders of Builderdome. Ivanov either knew about the change and the business decision behind it or she didn't ask because she no longer cared about it any longer, indicative that she abandoned the company.

Essentially, Ivanov was never fired. She was not asked to leave. The decision to change her title on the website was reached by the Builderdome team, including Ivanov and the father of her children who also resided with her at the time, to have prospective investors not question her absence from prospective investors' meetings. Most importantly, however, the change in her title on the web site did not alter any of the terms she and Builderdome agreed to in the original written agreement.

No defendant in this case has been unjustly enriched. She testified that her only surviving contribution is the logo that she spent a few hours designing and that it is being used by non-litigant construction company.

## PAROLE EVIDENCE RULE

On the subject of the Parole Evidence Rule; the terms of the contract are vague and incomplete. Without any certain time lines, the written agreement attempts to outline employment and ownership for Ivanov for sometime in the infinite future. The terms of the written agreement do not discuss what type of specific work and work hours was expected from Plaintiff in the present or future. The terms of the written agreement do not discuss what type of pay was expected from Defendant Builderdome in the present and future. The terms of the written agreement set no definite time-lines for prospective investment by others and the amounts of investment to be accepted or rejected.

Since it is practically impossible to interpret the meaning of the written agreement and the parties' true intent in entering into it, extrinsic evidence on is absolutely necessary to prove implied terms and to aid in the interpretation of existing terms, to resolve ambiguity, to show that in light of the circumstances surrounding the making of the contract, the contract is

actually ambiguous regardless of whether the title "Employment Agreement" appears unambiguous at first glance.

    Thank you Your Honor.

Respectfully submitted,

_____/s/_____
Albert Y. Dayan
Attorney at Law
